**UNITED STATES COURT OF APPEALS**

**May 12, 2015**

**TENTH CIRCUIT**

LUCIANO P. GUERRA,

        Petitioner - Appellant,

v.

JAMES JANECKA, Warden; GARY
K. KING, New Mexico Attorney
General,

        Respondents - Appellees.

No. 14-2167
(D.C. No. 2:13-CV-00734-LH-CG)
(D. N.M.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **GORSUCH**, **MURPHY,** and **McHUGH**, Circuit Judges.

        This matter is before the court on Luciano P. Guerra's pro se request for a

certificate of appealability ("COA"). Guerra seeks a COA so he can appeal the

district court's dismissal with prejudice of his 28 U.S.C. § 2254 petition.

28 U.S.C. § 2253(c)(1)(A). Because Guerra has not "made a substantial showing

of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his

request for a COA and **dismisses** this appeal.

        A jury convicted Guerra in New Mexico state court on one count of first

degree murder. After exhausting his state court remedies, Guerra filed the instant

§ 2254 habeas petition raising the following three claims: (1) counsel failed to

investigate and present an intoxication defense; (2) his conviction was not supported by sufficient evidence: and (3) he was entitled to a jury instruction on his theory of self-defense. The district court resolved these claims on the merits, concluding as follows: (1) counsel's strategic choice to advance a self-defense theory, instead of an intoxication defense, was not unreasonable; (2) there was sufficient evidence to support the conviction; and (3) the jury was provided with a self-defense instruction. In his brief on appeal and request for a COA, Guerra does not challenge any of the district court's conclusions summarized above. Instead, he raises two claims not advanced below. First, he asserts he was denied his constitutional right to compulsory process and effective assistance of counsel because counsel failed to: (1) object when the state called Sandy Loomis as a fact witness and (2) call Richard Rees in support of a self-defense theory. Second, he asserts the prosecutor committed misconduct when he claimed during closing argument that the evidence demonstrated the victim's arm was pinned over his head. This court does not consider claims raised for the first time on appeal. *Fairchild v. Workman*, 579 F.3d 1134, 1144 (10th Cir. 2009).

Because Guerra has not asked for a COA as to the issues he raised below, and because this court does not consider issues raised for the first time on appeal, we **DENY** his request for a COA and **DISMISS** this appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (holding that the grant of a COA is a

-2-

jurisdictional prerequisite to an appeal from the dismissal of a § 2254 petition).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge